SQUIRE PATTON BOGGS (US) LLP
Mark C. Dosker (CA Bar #114789)
Thomas J. Lloyd (CA Bar # 305507)
555 California Street, Suite 500
San Francisco, California 94104
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-mail: mark.dosker@squirepb.com
         thomas.lloyd@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
Brian A. Cabianca (pro hac vice)
Kerryn L. Holman (pro hac vice)
David S. Norris (pro hac vice)
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
E-mail: brian.cabianca@squirepb.com
         kerryn.holman@squirepb.com
         david.norris@squirepb.com

Attorneys for Defendant
VERRA MOBILITY CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PLUSPASS, INC.,<br><br>            Plaintiff,<br><br>  v.<br><br>VERRA MOBILITY CORP.,<br><br>            Defendant. | CASE NO. 2:20-CV-10078-FWS-SK<br><br>**DECLARATION OF MARK C. DOSKER IN SUPPORT OF DEFENDANT VERRA MOBILITY CORP.'S OPPOSITION TO PLUSPASS'** *EX PARTE* **APPLICATION FOR GUIDANCE REGARDING DAUBERT MOTIONS [Dkt. 184]**<br><br>Judge: Honorable Fred W. Slaughter |

## DECLARATION OF MARK C. DOSKER

I, Mark C. Dosker, declare under penalty of perjury as follows:

1. I am a Partner in the law firm Squire Patton Boggs (US) LLP, attorneys for Defendant Verra Mobility Corporation ("Verra") in this matter. I make this declaration based upon my personal knowledge and, if called as a witness, could and would testify competently to the matters stated herein.

2. On June 13, 2023, Verra's counsel emailed PlusPass's counsel and informed them that Verra intended to move for summary judgment on June 21, 2023. Verra's counsel further informed PlusPass's counsel that Verra intended to move to exclude the expert reports of PlusPass's experts Einer Elhauge and Matthew Zehnder.

3. On June 14, 2023, the parties held a meet and confer session by videoconference to discuss the issues that Verra intended to raise in its motions. I participated in that meeting. PlusPass's counsel David Kesselman, who submitted the Declaration in support of PlusPass's pending *Ex Parte* Application, did not attend that meeting. Others among the counsel representing PlusPass did so.

4. During that meeting, Verra's counsel identified the specific grounds on which Verra intended to move to exclude the expert testimony and opinions of Mr. Elhauge and Mr. Zehnder. Also during that meeting, PlusPass's counsel confirmed that PlusPass intended to seek to introduce its experts' testimony as part of PlusPass's opposition to Verra's motion for summary judgment.

5. On Monday, June 26, 2023, following an email exchange with Courtroom Deputy Kunig, PlusPass's counsel David Kesselman emailed Verra's counsel saying that PlusPass intended to apply *ex parte* for "clarification", but without specifying what clarification PlusPass would seek.

6. Contrary to Mr. Kesselman's assertion in paragraph 6 of his Declaration submitted with PlusPass's pending *Ex Parte* Application, the correspondence attached to his Declaration as **Exhibit C** is not a true and correct

copy of the email correspondence between the parties, because it does not include an email that I sent to Mr. Kesselman at 11:56 a.m. in the same email thread, before Mr. Kesselman responded at 12:32 p.m. (the former of which he did include in **Exhibit C**). Mr. Kesselman's deletion of that email from his submission in **Exhibit C** is misleading, as it omits my response to Mr. Kesselman's email in which I included a correction of Mr. Kesselman's misstatements regarding the parties' meet and confer session, which he did not attend, as well as reasons why Verra's motions to exclude were procedurally and legally proper. An *actual* true and correct copy of the email correspondence between the parties regarding PlusPass's pending *Ex Parte* Application is attached hereto as **Exhibit 1**.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 28, 2023

*/s/ Mark C. Dosker*
Mark C. Dosker

---

[1] For the purposes of completeness because Mr. Kesselman styled his response as being to an earlier email rather than the email that I sent at 11:56 a.m., Exhibit 1 includes both branches of that email thread.

- 3 -

DECLARATION OF MARK C. DOSKER
2:20-CV-10078-SB-SK

1096542266\1\AMERICAS

# **EXHIBIT 1**

# Email Thread Ending with 11:56 a.m. email

| | |
|---|---|
| **From:** | Dosker, Mark C. |
| **Sent:** | Tuesday, June 27, 2023 11:56 AM |
| **To:** | David Kesselman |
| **Cc:** | Ethan@gibsonwunder.Com; Amy Brantly; Abiel Garcia; Cabianca, Brian A.; Norris, David S.; Holman, Kerryn L. |
| **Subject:** | RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK |

**Dear David,**

**Also – just to correct your misstatement of the record – your email of this morning misstates what occurred during the pre-MSJ L.R. 7-3 meet and confer session, in which you did not participate.  That meet and confer session was the first time your team raised a potential position that *Daubert* motions cannot be heard in connection with the motion for summary judgment in this case.  We did not understand that position, as it is contrary to the Scheduling Order and controlling Ninth Circuit precedent.  We said we would take another look at the Scheduling Order, but we were clear in stating that we would still be filing the *Daubert* motions which we filed a week later.  In fact, I specifically asked during the June 14 meet and confer session whether PlusPass was planning on relying on expert evidence to oppose summary judgment, which your colleagues confirmed PlusPass was planning to do.  We pointed out that, for that reason as well, we are entitled to challenge that expert evidence in connection with our Motion for Summary Judgment.**

**Best Regards, Mark**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us: Twitter | LinkedIn | Facebook | Instagram

---

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Tuesday, June 27, 2023 11:25 AM
**To:** David Kesselman <dkesselman@kbslaw.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**Dear David,**

**I was referring to L.R. 7-19.  For example, you still haven't told us the substance of exactly what relief you want from the Court – just "guidance."  But if the "guidance" you are seeking**

is to the effect that the Court cannot or will not or should not consider and act on our pending *Daubert* motions made in connection with our pending Motion for Summary Judgment, then we will be opposing.

**Best Regards, Mark**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

mark.dosker@squirepb.com | squirepattonboggs.com

Find Us:  Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Tuesday, June 27, 2023 10:26 AM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** [EXT] RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

Mark,

Your position is noted.  But I don't understand it.  On June 14, counsel for the parties met and conferred while I was out of town.  My colleagues expressly raised the *Daubert* timing issue after your team advised you planned to file with the MSJ, and not in accordance with the Judge's Order.  My understanding is that your team agreed to consider our position.  Rather than respond, your team simply filed the *Daubert* motions with the MSJ papers on June 21 but included a footnote suggesting that you considered our position but did not agree with it.  After I got back from traveling, I advised you during our telephone call last Friday, June 23 that I planned to ask the Court for guidance on the *Daubert* issue and would copy you on the correspondence.  You suggested that I should read your footnote in the brief and would respond to my correspondence accordingly.  Yesterday I sent the courtroom deputy an email setting our position and the request for guidance.  You responded and again noted your disagreement with our understanding of the Order.  The courtroom deputy advised that any guidance would need to be made with a court filing and proposed order.  That is what we intend to do.

Because there is at least an argument (based on your interpretation) that the Order can be read to require our opposition to your *Daubert* motions to be filed by July 5 (an interpretation that we do not believe should apply), we need clarification and cannot wait to do it on a regularly noticed time frame.  If your client's position has changed from the prior discussions/ correspondence then please let us know.

Regards,
David

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

---

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Monday, June 26, 2023 6:45 PM
**To:** David Kesselman <dkesselman@kbslaw.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**Dear Counsel,**

**We do not stipulate to any ex parte filing, whether for an application for an Order Shortening Time or otherwise.  And you have not met your obligations under the Local Rules.**

**We will be submitting to the Court an opposition to any ex parte filing you may make.**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us:  Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Monday, June 26, 2023 5:31 PM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>
**Subject:** [EXT] FW: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

Counsel:

In light of the Courtroom Deputy's email, please be advised that we will seek clarification from the Court via an ex parte filing.

3

Regards,
David

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

**From:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Sent:** Monday, June 26, 2023 12:28 PM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Cc:** David Kesselman <dkesselman@kbslaw.com>; Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

If the parties are seeking clarification for a court order, a request/proposed order will need to be filed on the docket for the court's review and ruling.

Thank you.



MELISSA H. KUNIG
COURTROOM DEPUTY TO THE HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
411 West Fourth Street
Santa Ana, CA 92701
Office: (714) 338-2849     Fax: (714) 338-4728
Email: Melissa_Kunig@cacd.uscourts.gov

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Monday, June 26, 2023 10:44 AM
**To:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Cc:** David Kesselman <dkesselman@kbslaw.com>; Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**CAUTION - EXTERNAL:**


**Dear Courtroom Deputy Kunig,**

**I represent Verra Mobility Corporation.  When plaintiff's counsel mentioned to me on Friday afternoon the approach he would be making to the Court as now set forth in his e-mail below, I**

4

told him that is not how we read the Court's Order on the parties' Stipulation, that plaintiff's interpretation that earlier Daubert motions (in conjunction with the summary judgment motion) are barred would be contrary to precedent and that we would oppose plaintiff's request that the Court's Order on the parties' Stipulation be so interpreted.

We respectfully ask the Court not to take any action on plaintiff's request below until we have an opportunity to submit a short response to it.  We are preparing that presently.

Respectfully submitted,



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us: Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Monday, June 26, 2023 9:30 AM
**To:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Dosker, Mark C. <mark.dosker@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** [EXT] PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK
**Importance:** High


Dear Courtroom Deputy Kunig,

I am counsel for plaintiff PlusPass, Inc. in the above-entitled matter.  On April 26, 2023, the Court issued a modified scheduling Order based upon a stipulation submitted by the parties. Docket No. 165 (attached).  The Court modified portions of the parties' stipulation and proposed order, including ordering that *Daubert* motions would be briefed as part of trial filings in October 2023.  Notwithstanding the Court's Order, defendant Verra Mobility Corp. recently filed two *Daubert* motions with its opening summary judgment papers and set a hearing date of August 17, 2023 (the same date as the summary judgment hearing).  Defendant believes it is entitled to have the *Daubert* motions heard earlier notwithstanding the Court's Order.  Plaintiff disagrees and asks for clarification from the Court (particularly as Plaintiff relied in good faith on the Court's Order and held off preparing to file its own *Daubert* motions until October).  If the Court allows Defendant's *Daubert* motions to be heard earlier than what is set forth in the Court's Order, we would respectfully request confirmation that the opposition papers would be due 21 days before the hearing.

I informed lead counsel for Defendant that I would be submitting an email request for guidance from the Court (and Defendant's counsel is copied on this correspondence).  Thank you for your consideration.

David W. Kesselman, Esq.

Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com


Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Email Thread Ending with 12:32 p.m. email

| | |
|---|---|
| **From:** | David Kesselman <dkesselman@kbslaw.com> |
| **Sent:** | Tuesday, June 27, 2023 12:32 PM |
| **To:** | Dosker, Mark C. |
| **Cc:** | Ethan@gibsonwunder.Com; Amy Brantly; Abiel Garcia; Cabianca, Brian A.; Norris, David S.; Holman, Kerryn L. |
| **Subject:** | [EXT] RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mark,

Yes, we've repeatedly suggested that we believe *Daubert* motions should be briefed in October per the express language in the Judge's Scheduling Order. We believe that our oppositions to your *Daubert* motions should be due on October 11.

But, in the alternative, if the Court is willing to entertain your earlier August hearing date, then we also want clarification that our opposition papers would be due on July 27 (per Local CD Cal Local Rules, 21 days before the hearing date) and not on July 5 (which could be a potential interpretation based on your reliance of the "other motion" category in the Scheduling Order).

Regards,
David

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

---

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Tuesday, June 27, 2023 11:25 AM
**To:** David Kesselman <dkesselman@kbslaw.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**Dear David,**

I was referring to L.R. 7-19.  For example, you still haven't told us the substance of exactly what relief you want from the Court – just "guidance."  But if the "guidance" you are seeking is to the effect that the Court cannot or will not or should not consider and act on our pending *Daubert* motions made in connection with our pending Motion for Summary Judgment, then we will be opposing.

**Best Regards, Mark**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us:  Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Tuesday, June 27, 2023 10:26 AM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** [EXT] RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

Mark,

Your position is noted.  But I don't understand it.  On June 14, counsel for the parties met and conferred while I was out of town.  My colleagues expressly raised the *Daubert* timing issue after your team advised you planned to file with the MSJ, and not in accordance with the Judge's Order.  My understanding is that your team agreed to consider our position.  Rather than respond, your team simply filed the *Daubert* motions with the MSJ papers on June 21 but included a footnote suggesting that you considered our position but did not agree with it.  After I got back from traveling, I advised you during our telephone call last Friday, June 23 that I planned to ask the Court for guidance on the *Daubert* issue and would copy you on the correspondence.  You suggested that I should read your footnote in the brief and would respond to my correspondence accordingly.  Yesterday I sent the courtroom deputy an email setting our position and the request for guidance.  You responded and again noted your disagreement with our understanding of the Order.  The courtroom deputy advised that any guidance would need to be made with a court filing and proposed order.  That is what we intend to do.

Because there is at least an argument (based on your interpretation) that the Order can be read to require our opposition to your *Daubert* motions to be filed by July 5 (an interpretation that we do not believe should apply), we need clarification and cannot wait to do it on a regularly noticed time frame.  If your client's position has changed from the prior discussions/ correspondence then please let us know.

Regards,

David

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

---

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Monday, June 26, 2023 6:45 PM
**To:** David Kesselman <dkesselman@kbslaw.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**Dear Counsel,**

**We do not stipulate to any ex parte filing, whether for an application for an Order Shortening Time or otherwise.  And you have not met your obligations under the Local Rules.**

**We will be submitting to the Court an opposition to any ex parte filing you may make.**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us: Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Monday, June 26, 2023 5:31 PM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>
**Subject:** [EXT] FW: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

Counsel:

3

In light of the Courtroom Deputy's email, please be advised that we will seek clarification from the Court via an ex parte filing.

Regards,
David

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

---

**From:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Sent:** Monday, June 26, 2023 12:28 PM
**To:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Cc:** David Kesselman <dkesselman@kbslaw.com>; Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

If the parties are seeking clarification for a court order, a request/proposed order will need to be filed on the docket for the court's review and ruling.

Thank you.



MELISSA H. KUNIG
COURTROOM DEPUTY TO THE HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
411 West Fourth Street
Santa Ana, CA 92701
Office: (714) 338-2849    Fax: (714) 338-4728
Email: Melissa_Kunig@cacd.uscourts.gov

**From:** Dosker, Mark C. <mark.dosker@squirepb.com>
**Sent:** Monday, June 26, 2023 10:44 AM
**To:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Cc:** David Kesselman <dkesselman@kbslaw.com>; Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** RE: PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK

**CAUTION - EXTERNAL:**


**Dear Courtroom Deputy Kunig,**

4

**I represent Verra Mobility Corporation.  When plaintiff's counsel mentioned to me on Friday afternoon the approach he would be making to the Court as now set forth in his e-mail below, I told him that is not how we read the Court's Order on the parties' Stipulation, that plaintiff's interpretation that earlier Daubert motions (in conjunction with the summary judgment motion) are barred would be contrary to precedent and that we would oppose plaintiff's request that the Court's Order on the parties' Stipulation be so interpreted.**

**We respectfully ask the Court not to take any action on plaintiff's request below until we have an opportunity to submit a short response to it.  We are preparing that presently.**

**Respectfully submitted,**



**Mark C. Dosker**
Partner
Squire Patton Boggs (US) LLP
555 California Street, 5th Floor
San Francisco, California 94104

T  +1 415 954 0210
O  +1 415 954 0200
F  +1 415 393 9887
M  +1 415 412 8175

**mark.dosker@squirepb.com** | squirepattonboggs.com

Find Us:  Twitter | LinkedIn | Facebook | Instagram

---

**From:** David Kesselman <dkesselman@kbslaw.com>
**Sent:** Monday, June 26, 2023 9:30 AM
**To:** Melissa Kunig <Melissa_Kunig@cacd.uscourts.gov>
**Cc:** Ethan@gibsonwunder.Com; Amy Brantly <abrantly@kbslaw.com>; Abiel Garcia <agarcia@kbslaw.com>; Dosker, Mark C. <mark.dosker@squirepb.com>; Norris, David S. <david.norris@squirepb.com>; Cabianca, Brian A. <brian.cabianca@squirepb.com>; Holman, Kerryn L. <kerryn.holman@squirepb.com>
**Subject:** [EXT] PlusPass, Inc. v. Verra Mobility Corp., Case No. 2:20-cv-10078-FWS-SK
**Importance:** High


Dear Courtroom Deputy Kunig,

I am counsel for plaintiff PlusPass, Inc. in the above-entitled matter.  On April 26, 2023, the Court issued a modified scheduling Order based upon a stipulation submitted by the parties. Docket No. 165 (attached).  The Court modified portions of the parties' stipulation and proposed order, including ordering that *Daubert* motions would be briefed as part of trial filings in October 2023.  Notwithstanding the Court's Order, defendant Verra Mobility Corp. recently filed two *Daubert* motions with its opening summary judgment papers and set a hearing date of August 17, 2023 (the same date as the summary judgment hearing).  Defendant believes it is entitled to have the *Daubert* motions heard earlier notwithstanding the Court's Order.  Plaintiff disagrees and asks for clarification from the Court (particularly as Plaintiff relied in good faith on the Court's Order and held off preparing to file its own *Daubert* motions until October).  If the Court allows Defendant's *Daubert* motions to be heard earlier than what is set forth in the Court's Order, we would respectfully request confirmation that the opposition papers would be due 21 days before the hearing.

5

I informed lead counsel for Defendant that I would be submitting an email request for guidance from the Court (and Defendant's counsel is copied on this correspondence). Thank you for your consideration.

David W. Kesselman, Esq.
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, California 90266
(310) 307-4555
(310) 307-4570  fax
dkesselman@kbslaw.com
www.kbslaw.com

Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.