SQUIRE PATTON BOGGS (US) LLP
Mark C. Dosker (CA Bar #114789)
Thomas J. Lloyd (CA Bar # 305507)
555 California Street, Suite 550
San Francisco, California 94104
Telephone:   (415) 954-0200
Facsimile:   (415) 393-9887
E-mail:  mark.dosker@squirepb.com
thomas.lloyd@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
Brian A. Cabianca (*pro hac vice*)
Kerryn L. Holman (*pro hac vice*)
David S. Norris (*pro hac vice*)
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone:   (602) 528-4000
Facsimile:   (602) 253-8129
E-mail: brian.cabianca@squirepb.com
kerryn.holman@squirepb.com
david.norris@squirepb.com

Attorneys for Defendant
VERRA MOBILITY CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUSPASS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VERRA MOBILITY CORP.,<br><br>　　　　Defendant. | Case No. 2:20-CV-10078-FWS-SKx<br><br>**DEFENDANT VERRA'S OBJECTION TO PLUSPASS'S REQUEST FOR JUDICIAL NOTICE [Dkt. 246]**<br><br>Judge:　Honorable Fred W. Slaughter<br><br>Date:　August 24, 2023<br>Time:　10:00 a.m.<br>Place:　Courtroom 10D |

Plaintiff PlusPass, Inc.'s latest Request for Judicial Notice ("Second Request") [Dkt. 246] is yet another improper attempt to supplement its summary judgment opposition brief. In its first Request for Judicial Notice ("First Request") [Dkt. 219], PlusPass asked the Court to take judicial notice of the FTC's amicus brief in an ongoing, unrelated case, *Applied Medical Resources Corp. v. Medtronic, Inc.*, No. 8:23-cv-00268-WLH-DFM (C.D. Cal.). Verra objected to the First Request as legally improper and also observed that that FTC decided not to take a position on any of the arguments or legal points made in Verra's pending Motion for Summary Judgment. [Verra's Opp. to First Request at 1 (Dkt. 238).]

PlusPass now doubles down on its improper First Request, requesting the Court to take judicial notice of a letter the FTC sent to counsel for both parties, wherein the FTC explicitly reiterates that ***the FTC "takes no position"*** on the parties' respective legal arguments and positions on Verra's pending Motion for Summary Judgment. [Dkt. 246-1 at 5 ("The Federal Trade Commission's ('FTC') Bureau of Competition takes no position on the merits of the case, Defendant's pending motion for summary judgment, or the pending Request … and the decision not to file a brief should not be interpreted as an endorsement of the arguments or legal points raised in Defendant's motion for summary judgment or the Plaintiff's opposition.").]

As with the First Request, this Second Request also is legally improper because it seeks to supplement PlusPass' summary judgment opposition brief. PlusPass moves the Court under Rule 201 to take judicial notice of the FTC's letter as "a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b); [Second Request at 1]. But the *fact* that the FTC sent a letter to counsel for both parties is irrelevant to the pending motion. [Dkt. 246-1 at 5.] What PlusPass actually seeks is for the Court to consider the contents of the FTC's letter. [Second Request at 2 (seeking judicial notice of FTC's "position on the legal standards applicable to exclusive dealing under federal antitrust law").] But such a request is improper because it constitutes "an implicit attempt to extend [Plaintiff's] page limits without leave, or to file amicus

1  briefs without leave." *Fox Television Stations, Inc. v. BarryDriller Content Sys.,
2  PLC*, 915 F. Supp. 2d 1138, 1142 & n.8 (C.D. Cal. 2012) (denying a request to take
3  judicial notice of amicus briefs filed in another matter and rejecting argument that
4  court could take "judicial notice of the existence of the amicus briefs" because no
5  helpful conclusions could be drawn from that fact "without examining the content of
6  the proffered briefs"). It is also too late for PlusPass to attempt to supplement its
7  summary judgment briefing, when such briefing is closed, the argument is in nine
8  days, and the cases cited in FTC's letter all already could have been (or were) cited
9  in PlusPass's own briefing.

10  PlusPass also cites no legal authority supporting judicial notice of *informal*
11  correspondence sent by government agencies. The cases PlusPass cites all concern
12  *formal* opinion letters issued by government agencies that constituted "matters of
13  public record." *See Burnthorne-Martinez v. Sephora USA, Inc.*, 2016 WL6892721,
14  at *1 n.1 (N.D. Cal. Nov. 23, 2016) (granting unopposed request for judicial notice
15  of formal FTC Advisory Opinion Letter); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp.
16  2d 1230, 1242-43 (C.D. Cal. 2005) (taking judicial notice of a formal letter opinion
17  and notice issued by the California Department of Insurance withdrawing approval
18  of disability insurance policies containing discretionary clauses); *Wible v. Aetna Life
19  Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005) (taking judicial notice of a formal
20  opinion letter issued by the California Department of Insurance); *Castagnola v.
21  County of Sonoma*, 2020 WL 1940804, at *2 n. 4 (N.D. Cal. Apr. 22, 2020) (granting
22  County of Sonoma's unopposed request for judicial notice of formal correspondence
23  and notices it sent to the plaintiff regarding building and zoning code violations that
24  constituted the "records and reports of administrative bodies").

25  For all of these reasons, the Court should deny PlusPass's Second Request for
26  Judicial Notice.

27
28

| | |
|---|---|
| Dated: August 15, 2023 | Respectfully submitted, |
| | SQUIRE PATTON BOGGS (US) LLP |
| | By: */s/ David S. Norris* |
| | David S. Norris |
| | Attorneys for Defendant VERRA MOBILITY CORPORATION |