SQUIRE PATTON BOGGS (US) LLP
Mark C. Dosker (CA Bar #114789)
Thomas J. Lloyd (CA Bar # 305507)
555 California Street, Suite 550
San Francisco, California 94104
Telephone:  (415) 954-0200
Facsimile:   (415) 393-9887
E-Mail:  mark.dosker@squirepb.com
 thomas.lloyd@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
Brian A. Cabianca (*pro hac vice*)
Kerryn L. Holman (*pro hac vice*)
David S. Norris (*pro hac vice*)
2325 E. Camelback Rd. Suite 700
Phoenix, AZ 85016
Telephone:  (602) 528-4000
Facsimile:   (602) 253-8129
E-Mail: brian.cabianca@squirepb.com
 kerryn.holman@squirepb.com
 david.norris@squirepb.com

Attorneys for Defendant
VERRA MOBILITY CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PLUSPASS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERRA MOBILITY CORP., <br><br> Defendant. | Case No.  2:20-CV-10078-FWS-SK <br><br> **DECLARATION OF DAVID S. NORRIS PURSUANT TO THE COURT'S AUGUST 29, 2023 ORDER** <br><br> Judge: Honorable Fred W. Slaughter |

# DECLARATION OF DAVID S. NORRIS

I, David S. Norris, declare under penalty of perjury as follows:

1. I am a Partner in the law firm Squire Patton Boggs (US) LLP, attorneys for Defendant Verra Mobility Corporation ("Verra") in this matter. I make this declaration based upon my personal knowledge and, if called as a witness, could and would testify competently to the matters stated herein.

2. I make this declaration pursuant to the Court's August 29, 2023 (In Chambers) Order Granting in Part and Denying in Part Renewed Application for Leave to File Under Seal [173][190][191][193][202][216][222][228][231][241] (Doc. 253) (the "Order"). Order at 57 ("Plaintiff and Defendant shall meet and confer extensively at least one week before filing any renewed application to seal **and** each file declarations attesting to their meet and confer efforts no later than September 8, 2023.").

3. On August 25, 2023—following the August 24, 2023 hearing on Verra's pending Motion for Summary Judgment, but before receiving the Order—the parties met and conferred over email regarding a procedure to address the issues the Court raised at the hearing regarding the applications to seal.

4. On August 29, 2023, the Court entered the Order.

5. On August 30 and 31, 2023, the parties scheduled a meet and confer for September 1, 2023 regarding the procedure for complying with the Order and submitting a renewed joint application to seal.

6. On August 31, 2023, I sent Plaintiff's counsel an email with Verra's proposal for this procedure. This proposal included dates and deadlines for each party to: (1) exchange unredacted, highlighted versions of the briefs each party filed that the party intends to request leave to file under seal as part of a renewed joint application, (2) provide return copies of those briefs with highlighted portions that the other party intends to request leave to file under seal as part of a renewed joint application, (3) exchange excerpted, unredacted highlighted exhibits that each party

intends to request to file under seal as part of a renewed joint application, (4) to schedule a follow-on, in-person meet and confer to comply with the Order and in an effort to minimize the need for filing under seal in accordance with Local Rule 79-5.2.2, and (5) to develop a procedure for contacting the third-parties' regarding any renewed sealing requests that the third-parties intended to submit pursuant to the Order.

7. On September 1, 2023, the parties met and conferred via Microsoft Teams regarding the procedure outlined on August 31, 2023. Following the meet and confer, the parties exchanged additional emails regarding the procedure for complying with the Order, for contacting the third-parties' regarding any renewed sealing requests, and for excerpting or agreeing to redact portions of certain documents in order to minimize or eliminate the need to file the documents under seal pursuant to Local Rule 79-5.2.2.

8. On September 4, 2023, the parties exchanged copies of the briefs that each party filed with proposed highlighting (if any) for portions that the parties intended to request leave to file under seal as part of a renewed joint application.

9. On September 5, 2023, the parties provided return copies of those briefs with highlighted portions (if any) that the other party intends to request leave to file under seal as part of a renewed joint application and also exchanged copies of excerpted, unredacted highlighted exhibits that each party intended to request to file under seal as part of a renewed joint application.

10. On September 6, 2023, I flew to Los Angeles, California to meet and confer in person with Plaintiff's counsel at Plaintiff's counsel's office. During the meet and confer, the parties' discussed the portions of the briefs and exhibits that the parties intended to request leave to file under seal as part of a renewed joint application, whether certain exhibits could be excerpted or redacted in order to minimize or eliminate the need to file the documents under seal pursuant to Local Rule 79-5.2.2, the further procedure for obtaining from third-parties the portions of

1  any exhibits or briefs that the third-parties intended to request leave to file under seal pursuant to the Order, and the plan for drafting, compiling, and filing the joint renewed application to seal. Following the September 6, 2023 in person meet and confer, the parties continued to meet and confer via email on the procedure and on the renewed joint application to seal.

11. On September 6, 2023, consistent with the procedure discussed during the parties in person meet and confer, I communicated with counsel for Enterprise, Avis, Hertz, and Platinum Equity regarding the materials that the third-parties had previously requested to be filed under seal but that the Court had denied without prejudice in the Order. I also explained the procedure for the third-parties to identify any materials that they intended to request to file under seal as part of a renewed joint application.

12. On September 7, 2023, I had follow-up communications with counsel for Enterprise, Avis, Hertz, and Platinum Equity regarding portions of the briefs that cited, summarized, or quoted material those third-parties had designated under the Protective Order in this case to determine whether the third parties intended to resubmit any of these portions as part of a renewed joint application.

13. On September 8, 2023, I had further communications with counsel for Enterprise and Fox Rent-A-Car pursuant to Local Rule 79-5.2.2 regarding the same matters. I also exchanged emails with Plaintiff's counsel to schedule an additional meet and confer on the renewed joint application to seal.

14. I will continue to meet and confer with Plaintiff's counsel and counsel for the third-parties in order to comply with the Order as part of submitting a joint renewed application to file under seal.

1     I declare under penalty of perjury under the laws of the United States that the
2 foregoing is true and correct.

4 Executed on September 8, 2023

                                                      David S. Norris

DECLARATION OF DAVID S. NORRIS
CASE NO. 2:20-CV-10078-FWS-SK