Hahn Loeser & Parks LLP
Michael J. Gleason (SBN 279434)
One America Plaza
600 W. Broadway, Ste. 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile:  619.810.4301
mgleason@hahnlaw.com

Attorney for Third Party Avis Budget Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUSPASS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VERRA MOBILITY CORP., <br><br> Defendant. | Case No. 2:20-CV-10078-FWS-SK <br><br> **UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2(a) AND L.R. 79-5.2.2(b)** <br><br> Judge: Hon. Fred W. Slaughter |

# NOTICE OF UNOPPOSED APPLICATION TO SEAL

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to L.R. 79-5.2.2(a) and L.R. 79-5.2.2(b), Third-Party Avis Budget Group, Inc. ("ABG") respectfully submits this application ("Application") for leave to file under seal certain excerpts from a hearing transcript that occurred before this Court on October 4, 2023 that contains information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("AEO") by ABG in accordance with the Stipulated Protective Order entered in this action [Dkt. 96].

The portions of the October 4, 2023 transcript that ABG seeks to seal are limited as follows: Transcript pp. 64:8-10; 64:21-22; 65:2-9; 65:15-17 and 24-25; 67:23-25; 68:8-9; 68:12-17; 68:24-69:1; 69:4-7.[1] The basis for the request is that these portions include testimony of ABG Vice President of Ancillary Revenue made pursuant to a subpoena that consists of confidential business information that would put ABG at a competitive disadvantage if disclosed to other rental car companies (many of which are also involved as third-parties in this action). In addition, any public interest in this information would be (at most) minimal because the matter has reached a confidential settlement so ABG's confidential information provides no insight into the matter or resolution. This Application is supported by the declaration of Robert Muhs and is unopposed by the parties in this action. For the reason stated below, ABG respectfully requests an order sealing those excerpts (proposed order included).

## MEMORANDUM OF LAW AND AUTHORITIES

### I. Standard of Review

The presumption of public access to judicial records may be rebutted by

---

[1] Pursuant to Local Rule 79-5.2.2, ABG submits a redacted version of the transcript. Notably, ABG does not have the entire transcript and only submits the portion it seeks to redact. ABG understands that other third-party rental car companies are seeking to seal portions related to their respective businesses, so ABG has not been given access to the entire transcript to file.

evidence of "compelling reasons" to protect the information contained therein. *See* Fed. R. Civ. P. 26(c)(1); *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (2006) ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.") (citations omitted).

Courts will balance several factors to determine whether compelling reasons exist to seal a court filing. These factors are: (1) public's interest in understanding the judicial process; (2) whether the disclosure would result in improper use; (3) the interests of the parties and the balance of equities; and (4) the duty of the courts to balance these competing interests and to inform the public of the basis for its decision." *California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005); *see also Foltz v. State Farm Mut. Auto Insur. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003). A party can overcome the presumption of public access to court records by demonstrating important countervailing interests in maintaining the confidentiality of sensitive business information. *Kamakana*, 447 F.3d at 1179.

"Compelling reasons" sufficient to outweigh the public's interest in disclosure exist when disclosure might have become a vehicle for improper purposes, such as the "'sources of business information that might harm a litigant's competitive standing.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.2d 1092, 1096-97 (9th Cir. 2016) citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978). Courts typically find that "compelling reasons" exist to protect confidential, proprietary information such as contractual provisions, business arrangements, pricing terms or trade secrets. *See e.g., In re Elect. Arts, Inc.*, 298 Fed. Appx. 568 (9th Cir. Oct. 28, 2008) (trade secrets such as "pricing terms, royalty rates, and guaranteed minimum payment terms"); *In re Hydroxycut Mktg. and Sales Prac. Litig.*, 2011 WL 864897 (S.D. Cal. March 11, 2011); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121 (N.D. Cal. March 4, 2015) (contractual terms affecting party's competitive and economic standing in its future business

negotiations).

## II. Compelling Reasons Justify Sealing Designated Transcript Excerpts

Compelling reasons justify portions of the transcript identified by non-party ABG because the balance of interests outweigh the presumption favoring public access to court filings. The public derives little value in accessing these excerpts while ABG is subject to substantial competitive harm with the disclosure of its highly confidential, proprietary information to its competitors (which are also involved as third-parties in this proceeding due to subpoenas).

### A. The Parties Settled This Case Mooting ABG's Testimony

The public derives little benefit in accessing the information contained in ABG's testimony. The entire action has settled and will be dismissed. Because the matter was not determined on its merits, and the terms of the parties' settlement agreement are confidential, the public gains little insight into the judicial process and the court's interest in informing the public of the basis of its decision is not furthered by maintaining non-party ABG's testimony in the public records.

### B. ABG Suffers Substantial Competitive Harm If Confidential and Proprietary Information is Disclosed

ABG's interest in protecting its confidential and proprietary information outweighs the minimal benefit the public gains from the disclosure of its testimony. As set forth in the declaration of Robert Muhs, ABG seeks to seal portions of the testimony of Beth Gibson, ABG's Vice President of Ancillary Revenue, who testified in response to a subpoena in this case. (Muhs Dec. ¶ 2.) The portions of Ms. Gibson's testimony that ABG seeks to redact reflect ABG's confidential business information and internal business strategies for evaluating and contracting with outside third parties to perform critical and necessary services for customers. This information is protected, not publicly available and reasonable efforts are employed to maintain its confidentiality. (*Id.* ¶ 10.)

Disclosure of this information will provide competitors (like fellow third-parties

Hertz and Enterprise) with knowledge of ABG's strategies, processes, and internal practices, which would be extremely harmful. It will allow competitors to utilize information that cannot be obtained in good faith and derive information regarding ABG's confidential business model and strategic decisions, which will eliminate and/or diminish ABG's competitive and economic advantage. (*Id.* ¶ 11.)

Specifically, Ms. Gibson's testimony discloses ABG's strategies relating to its evaluation of vendors and contracts which, if disclosed, will provide a competitive advantage to others in the car rental industry because it contains the manner and methodology employed by ABG in procuring and negotiating contracts on its behalf, and other confidential business practices and procedures that ABG relies upon to maintain its competitive advantage. (*Id.* ¶ 12.)

The portions that ABG seeks to seal are below:

| Citations Requested be Sealed | Compelling Reason |
|---|---|
| Tr. 64:8-10; 64:21-22; 65:2-9; 65:15-17 and 24-25; 67:23-25; 68:8-9; 68:12-17; 68:24-69:1; 69:4-7 | This testimony references Ms. Gibson's testimony in her deposition and describes how ABG and its management identify and view third-party vendors submissions for consideration of contract management including the methodology and analysis that ABG uses to evaluate and employ their services. This information is protected and confidential and will further enable vendors and competitors insight into ABG's business model and internal strategic partnering decisions, which will be used to ABG's competitive and economic harm. |

### III. Conclusion

For the foregoing reasons, ABG respectfully requests that the Court grant the

1  Application to seal the designated portions of the October 4, 2023 transcript. The
2  limited portions reflect confidential business information of a third-party in a settled
3  and dismissed action.

DATED: December 26, 2023         HAHN LOESER & PARKS LLP

By: _____*/s/ Michael J. Gleason*_____
    Michael J. Gleason
    Attorney for Third Party Avis Budget
    Group, Inc.

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

I am the ECF User whose ID and password are being used to file this Joint Renewed Application for Leave to Seal. In compliance with Local Rule 5 4.3.4(a)(2),

DATED:  December 26, 2023

HAHN LOESER & PARKS LLP

By: _____
Michael J. Gleason
Attorney for Third Party Avis Budget Group, Inc.